ROBERT ZINK
Acting Chief, Fraud Section
U.S. Department of Justice, Criminal Division

TRACEE PLOWELL
Assistant Chief, Fraud Section, Criminal Division
MICHELLE PASCUCCI
Trial Attorney, Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave., N.W., 3rd floor
Washington, D.C.  20530
Telephone (202) 616-1668
Email: Tracee.Plowell@usdoj.gov
Email: Michelle.Pascucci@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America | Case No.  CR-19-00448-PHX-DLR-2 |
|---|---|
| vs. | **UNITED STATES' MOTION FOR SPEEDY TRIAL CALCULATION** |
| James B. Panther, Jr., a/k/a "James Suqui" and "James Suquilanda," and | |
| Defendant. | |

The United States respectfully submits the instant motion for an Order calculating the time that has elapsed under the Speedy Trial Act in this cause.  The United States submits that the Speedy Trial Act clock commenced running upon Defendant's initial appearance before a judicial officer of the court in which such charge is pending, that is, in the District of Arizona on July 11, 2019, pursuant to 18 U.S.C. § 3161(c)(1).

I.   **Procedural History**

1.   On April 23, 2019, a grand jury for the District of Arizona filed an indictment, under seal, charging Defendant and others with Conspiracy to Commit

Securities and Wire Fraud in violation of 18 U.S.C. § 1349, Securities Fraud in violation of 18 U.S.C. § 1348, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), and Money Laundering in violation of 18 U.S.C. § 1957.  An arrest warrant was issued on the same day.

2. The Defendant was arrested in the Central District of California on April 25, 2019, and made his initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure on April 26, 2019. Defendant was released on conditions.

3. On April 29, 2019, the parties jointly requested a bond hearing which was set for April 30, 2019.  On April 30, 2019, the parties executed an agreed modification of the bond conditions and the case was set for a removal and identity hearing on May 9, 2019.

4.  At the May 9 hearing, Defendant requested a continuance until May 23, 2019.  The Government did not object and the Court granted the continuance and specifically excluded time from May 9, 2019 to May 23, 2019 under the Speedy Trial Act.  *See* Minute Entry, May 9, 2019. (Dkt. No. 12).

5. On May 22, 2019, the Defendant again requested a continuance of the removal and identity hearing. The Government did not object and the hearing was reset for June 4, 2019. *See* Notice of Change of Hearing, May 22, 2019 (Dkt. No. 13).

6. On June 3, 2019, the Defendant requested another continuance of the removal and identity hearing. The Government did not object and the hearing was reset for June 20, 2019. *See* Notice of Hearing, June 3, 2019 (Dkt. No. 14).

7. On June 19, 2019, the Defendant requested a continuance of the removal and identity hearing. The Government did not object and the hearing was reset for July 2, 2019.  *See* Notice of Change of Hearing, June 19, 2019 (Dkt. No. 17).

8. On July 2, 2019, the Defendant appeared and executed a waiver of the

removal and identity hearing pursuant to Rule 5(c) and the Court issued a warrant of removal for the Defendant to appear in the District of Arizona on July 11, 2019. (Dkt. Nos. 20-21).

9. On July 11, 2019, the Defendant appeared and made his initial appearance on the indictment before this Court.

II. **Argument and Law**

The Speedy Trial Act statute requires that a defendant's trial commence within seventy (70) days. 18 U.S.C. § 3161(c)(1). There are two events which may trigger the Speedy Trial Act clock, (1) "the filing date (and making public) of the information or indictment," (2) "of from the date the defendant has appeared before a judicial officer of the court in which such charge is pending" whichever dates occurs last. *Id.* The arrest date or initial appearance before a judicial officer in a district other than where the charge is pending does not trigger the Speedy Trial Act clock.

The Speedy Trial Act expressly excludes certain events and periods of time from the calculus, for example, Subsection (h) of the Act provides, in pertinent part, the following:

> The following periods of delay *shall* be excluded . . . in computing the time within which the trial of any such offense must commence:
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to --
>   (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure.

18 U.S.C. § 3161(h) and (h)(1)(E) (emphasis added).

In *United States v. Palomba*, 31 F.3d 1456 (9th Cir. 1994), the defendant was indicted in the Northern District of California, and arrested and brought for an initial appearance in the Central District of California on April 12, 1990. He was not brought

- 3 -

before a judicial officer of the Northern District of California until May 15, 1990. The Ninth Circuit held the Speedy Trial Act clock does not begin until "the defendant is brought before a "judicial officer of the court in which the matter is pending," 18 U.S.C. § 3161(c) … [The defendant] was not brought before a judicial officer of the Northern District of California until May 15, 1990." The 70-day period did not commence until defendant's first appearance before the district court in which he would be tried, rather than on defendant's earlier appearance in another district on day of arrest. *Palomba*, 31 F.3d at 1462.

In this matter, Defendant was arrested on April 25, 2019 and made his initial appearance in the Central District of California on April 26, 2019.  The Defendant did not appear in the charging district, the District of Arizona until July 11, 2019. The Defendant's statutory right to a speedy trial, therefore, does not accrue until he appears before a judicial officer of the District of Arizona. The Speedy Trial Act clock does not start until July 12, 2019, the day after the Defendant's appearance before a judicial officer in the District Arizona, as time calculations "exclude the day of the event that triggers the period." Fed. R. Crim. P. 45(a).   Additionally, the removal and identity hearing in the Central District of California was delayed, multiple times, at Defendant's request.  Delays resulting from any proceeding relating to the removal of a defendant to another district are automatically excluded from the Speedy Trial Act calculus.  *See* 18 U.S.C. § 3161(h)(1)(E).

As such, the period of time prior to Defendant's appearance in the District of Arizona must be excluded from the Speedy Trial Act calculus.  Accordingly, the United

States requests that this Court enter an Order reflecting the commencement of the Speedy Trial Act clock on July 12, 2019.

Respectfully submitted,

ROBERT ZINK
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:   *s/ Tracee J. Plowell*
      Tracee J. Plowell
      Assistant Chief

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dennis Kieran Burke, and Mark Samuel Kokanovich
Attorneys for Defendants


*s/ Tracee J. Plowell*
Attorney for the United States