Tracee Plowell, Assistant Chief (N.Y. Attorney Registration #2994457)
Tracee.Plowell@usdoj.gov
Michelle Pascucci, Trial Attorney (Mass. Board of Bar Overseers #690889)
Michelle.Pascucci@usdoj.gov
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-616-1668 (Plowell) / 202-307-2208 (Pascucci)

*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. 2:19-CR-448-2 |
|---|---|
| Plaintiff, | **UNITED STATES' NOTICE RE INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS** |
| vs. | |
| James B. Panther, Jr., a/k/a "James Suqui" and "James Suquilanda," | |
| Defendant. | |

Pursuant to the Court's Scheduling Order entered November 12, 2019, the United States, by and through undersigned counsel, gives notice of its intent to introduce evidence at trial of the defendant's other acts pursuant to Fed. R. Evid. 404(b). Specifically, the government anticipates that it may seek to introduce evidence of the defendant's involvement in another market manipulation stock fraud scheme involving the coconspirators here.

**I.     Evidence Sought to be Presented**

The Indictment charges the defendant for his role facilitating a market manipulation stock fraud scheme involving the biotech company Biozoom, Inc. ("Biozoom") alongside coconspirators Francisco Villena Abellan and Faiyez Dean. In addition to testimony as to the charged conduct,

the government may introduce "other acts" testimony that the defendant was involved in a market manipulation stock fraud scheme planned by defendant Abellan involving shares of the company Ocean Electric, Inc. ("OCEL") that began prior to and continued throughout the Biozoom pump-and-dump scheme.[1]  The defendant, defendant Abellan, and defendant Dean, alongside other co-conspirators and individuals, orchestrated a market manipulation fraud scheme involving some of the same nominee shareholders used in the Biozoom scheme in an effort to move OCEL from the over-the-counter market to the NASDAQ for trading.  Shares were then transferred to nominee shareholders who deposited or attempted to deposit shares into brokerage houses for market trading.  As in the Biozoom scheme, the OCEL shares were in fact controlled by the co-conspirators and other individuals.

The government intends to offer this evidence to show the defendant's motive, intent, opportunity, preparation, plan, knowledge, absence of mistake, or lack of accident in the commission of the charged conduct.  In particular, the government understands that the defendant may contend that he believed he had taken part in a legitimate operation and did not realize that he and his coconspirators were in fact operating an illegal market manipulation fraud scheme.  His involvement in a parallel scheme involving these same individuals will evince his knowledge that he was engaging in criminal activity.

---

[1] The "other act" evidence will be proved through witness testimony and documentary evidence.  *See, e.g.*, bates BIZM-SDFL-0000270759; BZM-SDFL-0000270666; SEC-DOJ4-EPROD-000024918; SEC-DOJ4-EPROD-000168818; DEMUTH-000002235; and SEC-DOJ4-EPROD-000168819.

**II.     Admissibility of 404(b) Evidence**

Rule 404(b) of the Federal Rules of Evidence provides for the admission of "other crimes, wrongs, or acts" for reasons other than to show criminal disposition. *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000) (citing *United States v. Mehrmanesh*, 689 F.2d 822, 930 (9th Cir. 1982)). Although the rule precludes the admission of evidence of other acts of the defendant if the evidence is offered solely to prove the defendant's character, such evidence is admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Ninth Circuit liberally construes 404(b) as "a rule of inclusion" and has stated on appeal that evidence is deemed admissible under 404(b) if it is admissible on any ground other than to show propensity. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (quoting *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995)); *accord United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982).

The trial court has "wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988)); *see also United States v. Batts*, 573 F.2d 599, 603 (9th Cir. 1978) (according "[g]reat deference" to the trial court's admission of 404(b) evidence as rebuttal). Other acts evidence is probative of something other than criminal character and therefore admissible where it:

1) tends to prove a material point in issue in the present case;

2) is not too remote in time;

3) is proven with sufficient evidence; and

4) if admitted to prove intent, is similar to the offense charged.

*United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (citing *United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001) (overruled on other grounds as recognized in *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007))). If the evidence meets the relevance test under Rule 404(b), it should be admitted unless its prejudicial impact substantially outweighs its probative value. *Johnson*, 132 F.3d at 1282 (citing *United States v. Boise*, 916 F.3d 497, 502-03 (9th Cir. 1990)).

Dated:        February 3, 2020

                                    Respectfully submitted,

                                    ROBERT ZINK
                                    Chief, Fraud Section

By:    */s/ Michelle Pascucci*
       Tracee Plowell, Assistant Chief
       Michelle Pascucci, Trial Attorney
       Fraud Section, Criminal Division
       U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to counsel of record.

                                  Respectfully submitted,

BY:   */s/ Michelle Pascucci*