Tracee Plowell, Senior Litigation Counsel (N.Y. Attorney Registration #2994457)
Tracee.Plowell@usdoj.gov
Michelle Pascucci, Trial Attorney (Mass. Board of Bar Overseers #690889)
Michelle.Pascucci@usdoj.gov
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-616-1668 (Plowell) / 202-307-2208 (Pascucci)

*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                             Plaintiff,<br><br>      vs.<br><br>James B. Panther, Jr.,<br>a/k/a "James Suqui" and "James Suquilanda,"<br><br><br>                    Defendant. | Case No. 2:19-CR-448-2<br><br>**UNITED STATES' MOTION IN LIMINE TO ADMIT FOREIGN EVIDENCE** |

      Pursuant to the Court's Scheduling Order entered March 16, 2020, the United States, by and through undersigned counsel, respectfully moves this Court *in limine* to admit foreign evidence received through a Mutual Legal Assistance Treaty (MLAT) as self-authenticating official records and business records.[1]

---

[1] The government has conferred with defense counsel regarding its intent to file this motion under LRCrim 12.1(a) (incorporating LRCiv 7.2(l)). Defense counsel indicated that he has taken the issues raised herein under consideration.

**ARGUMENT**

On June 11, 2014, the government issued an official request for evidence to the Central Authority of Switzerland pursuant to the Treaty on Mutual Assistance in Criminal Matters. *See* Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, U.S.-Switz., May 25, 1973, 27 U.S.T. 2019 (the Swiss Treaty). Prior to the government's MLAT request, the District Attorney's Office of the Canton of Zug, a subdivision of Switzerland, had commenced an independent money laundering investigation into the activities of Swiss citizen Walter Demuth (Demuth), who is identified as Coconspirator 2, or "CC2" in the Indictment, based, in part, on his involvement in the alleged conspiracy. *See* ECF No. 3, ¶ 6. In response to the government's request for assistance, the Central Authority of Switzerland produced documents from the independent Swiss investigation to the government beginning in or around 2016. These documents included bank records for the nominee shareholders from Compagnie Bancaire Helvétique (CBH); and email correspondence and business records obtained during the execution of a lawful search warrant of Demuth's home and businesses on August 13, 2013, nearly a year before the U.S. government requested assistance from Switzerland pursuant to the MLAT request.

**1. Search Warrant Materials Received from Switzerland Are Self-Authenticating as Official Records**

At trial, the government intends to introduce a subset of Demuth's email correspondence and business records that were seized pursuant to the Swiss search warrant. The documents are self-authenticating in accordance with the terms of the Swiss Treaty.

The Constitution provides that "all Treaties made . . . under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." Const. Art. VI. A treaty, therefore, can have the effect of domestic laws when "Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be 'self-executing' and is ratified on those terms." *Medellin v. Texas*, 552 U.S. 491, 505 (2008) (quoting *Igartua-De La Rosa v. United States*, 417 F.3d 145, 150 (1st Cir. 2005)). The Swiss Treaty, the first U.S. treaty on mutual legal assistance, is self-executing and was ratified on those terms. *See* Swiss Treaty, Art. XXXXI ("The Treaty shall enter into force 180 days after the date of the exchange of the instruments of ratification . . . .").

Under the Swiss Treaty, official records—here, email correspondence and business records obtained pursuant to the search warrant—are admissible without additional foundation or authentication. Swiss Treaty, Art. XIX; *see United States v. Odeh*, 815 F.3d 968, 981 (4th Cir. 2016) (rejecting argument that Israeli documents received pursuant to an MLAT "are admissible only if there no dispute about the legitimacy of the foreign government's actions" where MLAT explicitly provided that no further authentication was required). Official records are to be "authenticated by the attestation of an authorized person" bearing a seal of authority, signature, and official position of the authorized person. Swiss Treaty, Art. XIX ¶ 1. When this attestation is provided, "a copy of any official record

- 3 -

1
2
in the requested State, or entry therein, shall be admissible in evidence without any additional foundation or authentication." *Id.* Art. XIX ¶ 2.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
The government has received two attestations[2] from Martina Weber (Weber), a public prosecutor from the Zug District Attorney's Office.  The first document is an attestation from Weber stating that the Zug District Attorney's Office produced these documents pursuant to its "execution of the request from the United States in the matter of Abellan Villena Francisco, pursuant to the treaty on mutual assistance in criminal matters, between the United States of America and the Swiss Confederation."  *See* Exhibit 1, Attestation from Swiss Authority Executing the Request from the United States for Documents (the Attestation).[3]  In accordance with the Swiss Treaty, the Attestation bears a stamp from the Zug District Attorney's Office, Weber's signature, and her position.  In addition, Weber provided a certification, signed under penalty of perjury, that the records provided to the United States were "confiscated by the Zug Police Department and sent on to the District Attorney's Office for safekeeping," where they were "retained as documents

19
20
21
22

23
24
[2] These documents, which were translated to English from the original German, refer to the "District Attorney's Office" and the "Public Prosecutor's Office."  Both translations refer to the same office.  For ease of reference, the government refers to the Swiss prosecuting entity as the "Zug District Attorney's Office."

25
26
27
[3] The second half of this document, which pertains to attestations of authenticity from an authorized custodian of business records, has been intentionally left blank.  Because these documents were directly received as official records from the Zug District Attorney's Office, as opposed to a third-party entity that was producing them as business records, the second half of the form is inapplicable to the present case.

28

of the District Attorney's Office within the scope of investigations against Walter Demuth." *See* Exhibit 2, Certification of the Documents (the Certification).

The Attestation and Certification satisfy the terms of the Swiss Treaty. The Attestation explains that the Zug District Attorney's Office produced these documents pursuant to the Swiss Treaty, and the Certification details the source and maintenance of the materials as official records in the custody of the Zug District Attorney's Office.[4] These documents render the search warrant materials admissible under the terms of the Swiss Treaty. Alternatively, the Attestation and Certification provide a basis for admitting the documents under the Residual Exception, Federal Rule of Evidence 807, as the Attestation and Certification provide "sufficient guarantees of trustworthiness" of the materials. Fed. R. Evid. 807(a)(1). Because the underlying records were located in Switzerland and therefore outside the subpoena power of the government, these materials are "more probative . . . than any other evidence that the proponent can obtain through reasonable efforts." *Id.*

### 2. CBH Bank Records Are Self-Authenticating Business Records Under the Swiss Treaty

The government will seek to admit bank records that were produced to the government pursuant to the MLAT. These bank records were received from CBH for

---

[4] The Swiss Treaty also requires that the genuineness of the signature be certified by "an official of the Central Authority of the requested State" or a "diplomatic or consular official." *See* Swiss Treaty, Art. XIX ¶1 (incorporating the requirements of Article XVIII, ¶ 4). The Swiss Central Authority reviewed the documents prior to sending them to the government, and their cover letters accompanying the productions constitute the certification of the genuineness of the Attestation and Certification.

accounts in the names of nominee shareholders and are accompanied by a business record certification from CBH that they "were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters; were kept in the course of regularly conducted business activity; were made by the said business activity as a regular practice; and, if not original records, are duplicates of original records or extracts of the Bank's database." *See* Exhibit 3 at 2-8, Certificates of Authenticity of Business Records from CBH (CBH Certificates). Like official records, business records are self-authenticating under the Swiss Treaty where they are accompanied by a certification and attestation "signed by the official and stat[ing] his official position" and include "[t]he seal of the authority executing the request." Swiss Treaty, Art. XVIII, ¶ 3. The CBH Certificates are accompanied by an Attestation from Weber satisfying these requirements. The Attestation to the CBH Certificates provides that these records were produced by the Zug District Attorney's Office pursuant to the MLAT request and confirms the authenticity of the signatures on the CBH Certificates as belonging to CBH representatives. *See* CBH Certificates at 1.[5]

In addition to satisfying the terms of the Swiss Treaty, the CBH Certificates also fulfil the requirements of 18 U.S.C. § 3505, which provides that

a foreign record of regularly conducted, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that—

---

[5] Weber's attestation accompanying the CBH Certificates is provided in the original German. It contains the same language contained in the Attestation, which is provided as an English translation and is included at Exhibit 1.

(A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

(B) such record was kept in the course of a regularly conducted business activity;

(C) the business activity made such a record as a regular practice; and

(D) if such record if not the original, such record if a duplicate of the original.

18 U.S.C. § 3505(a)(1).[6]  Under § 3505, the CBH Certificates "serve[] to authenticate the foreign records, and thus 'dispense[] with the necessity of calling a life witness to establish authenticity.'"  *United States v. Hagege*, 437 F.3d 943, 956-67 (9th Cir. 2006) (quoting *United States v. Sturman*, 951 F.2d 1466, 1489 (6th Cir. 1991)).  Thus, under the terms of the Swiss Treaty and 18 U.S.C. § 3505 alike, the CBH bank records should be admitted as self-authenticating business records.

## CONCLUSION

The government respectfully requests that the Court grant the Government's Motion by admitting materials received from the Zug District Attorney's Office pursuant to the government's MLAT request as self-authenticating business records and official records.

Dated:          April 27, 2020

---

[6] Per 18 U.S.C. § 3505(b), the government provided written notice of its intent to introduce these records.  ECF No. 42.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROBERT ZINK
Chief, Fraud Section

By:      */s/ Michelle Pascucci*
Tracee Plowell, Senior Litigation Counsel
Michelle Pascucci, Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on April 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to counsel of record.

Respectfully submitted,

BY:   */s/ Michelle Pascucci*