Tracee Plowell, Senior Litigation Counsel (N.Y. Attorney Registration #2994457)
Tracee.Plowell@usdoj.gov
Michelle Pascucci, Trial Attorney (Mass. Board of Bar Overseers #690889)
Michelle.Pascucci@usdoj.gov
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-616-1668 (Plowell) / 202-307-2208 (Pascucci)

*Attorneys for the United States*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-CR-448-2 |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE TO PRECLUDE CERTAIN USES OF LAW ENFORCEMENT REPORTS AND ADMIT SUMMARY CHARTS** |
| vs. | |
| James B. Panther, Jr., a/k/a "James Suqui" and "James Suquilanda," | |
| Defendant. | |

Pursuant to the Court's Scheduling Order entered March 16, 2020, the United States, by and through undersigned counsel, respectfully moves this Court *in limine* to:

(1) preclude certain uses of law enforcement reports and notes; and

(2) admit summary charts under Federal Rule of Evidence 1006.

**ARGUMENT**

The government seeks pretrial rulings to (1) preclude certain uses of law enforcement reports and notes and (2) admit summary charts under Federal Rule of

Evidence 1006.[1]

**1.  <u>This Court Should Preclude Improper Use of Law Enforcement Reports</u>**

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide the defendant with any statements made by the witness that relate to the subject of his or her testimony. A statement within the meaning of the Jencks Act is defined as (1) "a written statement made by said witness and signed or other adopted or approved by him"; (2) a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously"; or (3) a statement by a witness to the grand jury.  18 U.S.C. § 3500(e).  Interview reports do not constitute a "substantially verbatim recital" of the witness's statements under the Jencks Act because they reflect the thought processes and interpretations of the agent, and the full reports are written after interviews are completed. *See United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) ("[B]ecause the summaries represent . . . the agents' selection of certain information . . . the district court properly characterized the summaries as non-Jencks Act material."), abrogated on other grounds by *Ross v. Oklahoma*, 487 U.S. 81 (1988).

The defense should be precluded from introducing the contents of interview reports to impeach witnesses on the basis of inconsistent statements because the interview reports are statements of government agents summarizing the substance of an interview, not the

---

[1] The government has conferred with defense counsel regarding its intent to file this motion under LRCrim 12.1(a) (incorporating LRCiv 7.2(l)).  Defense counsel indicated that he has taken the issues raised herein under consideration.

statements of the witnesses themselves. *See Palermo v. United States*, 360 U.S. 343, 352-53 (1959) (explaining that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced"). The defense also should be precluded from publishing the contents of the interview reports to the jury, or otherwise suggesting to the jury that the interview reports are the statements of any of the interviewed witnesses. To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's decision in *Palermo* that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Id.* at 350.

While the defense may ask a witness whether he or she made a statement that is reflected in the interview reports, the defense may not publish or introduce the contents of the reports as a prior inconsistent statement if the defense is unsatisfied with the witness' answer. *See United States v. Harris*, 2018 WL 1990520, at *1 (D. Hawaii Apr. 25, 2018) ("The Defendant may not quote from, publish, or suggest to the jury in any way that the contents of an interview summary is a statements of the witness who was interviewed."); *United States v. Kot*, 2012 WL 1657118, at *2 (D. Nev. May 10, 2012) (citing *United States v. Brika*, 416 F.3d 514, 529 (9th Cir. 2005), abrogated on other grounds by *United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980), and *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975)).

Accordingly, because law enforcement summaries and corresponding notes of

witness interviews are not witness statements, the defense should be precluded from improper use of these statements at trial.

## 2. The Court Should Admit Summary Charts Under Federal Rule of Evidence 1006

The government intends to present summary exhibits created by Alex Scoufis, Counsel for the Financial Industry Regulatory Authority's (FINRA) Criminal Prosecution Assistance Group (CPAG), showing ownership and trading patterns in Biozoom stock. *See* ECF No. 32. Under Federal Rule of Evidence 1006, evidence may be admitted as "a summary, chart, or calculation" where "[t]he contents of voluminous writings, recordings, or photographs . . . cannot be conveniently examined in court." For a summary chart to be admissible under Rule 1006, "[a] proponent . . . must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection. These materials must be admissible, but need not themselves be admitted into evidence." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (internal citation omitted).

First, the documents in the charts are based on "blue sheet" trading data and other trading records, which are themselves admissible and which the government intends to offer as evidence at trial. The blue sheet data is voluminous, comprising tens of thousands of entries. Second, the summary charts and the trading data have been produced to the

defendant with the government's Rule 16 and *Jencks* productions.[2]  For these reasons, the Court should issue a ruling that the proposed summary exhibits are admissible under Rule 1006.

## CONCLUSION

The government respectfully requests that the Court grant the Government's motion by (1) precluding the defense from introducing the content of the interview reports as witness statements to impeach witnesses during cross-examination or through other presentation of evidence or argument to the jury; and (2) admitting summary charts under Federal Rule of Evidence 1006.

Dated:      April 27, 2020

                                            Respectfully submitted,

                                            ROBERT ZINK
                                            Chief, Fraud Section

By:    */s/ Michelle Pascucci*
       Tracee Plowell, Senior Litigation Counsel
       Michelle Pascucci, Trial Attorney
       Fraud Section, Criminal Division
       U.S. Department of Justice

---

[2] The government provided a subset of the blue sheet trading data and trading records from brokerage firms to the defendant in its Rule 16 discovery.  Complete blue sheet trading data, which FINRA provided to the government today, was produced to the defendant with the *Jencks* materials.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to counsel of record.

Respectfully submitted,

BY:   */s/ Michelle Pascucci*