# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> James B. Panther, Jr., <br><br> Defendant. | No. CR-19-00448-02-PHX-DLR <br><br> FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE.

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11, of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge Michelle H. Burns on March 30, 2021, with the oral consents of Defendant, counsel for Defendant, and counsel for the United States of America. After consultation with counsel Defendant has orally consented on the record to proceed via video conference.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the charge to which Defendant pleads and the elements of the offense(s) to which Defendant is pleading guilty;

(2) that Defendant understands the right to trial by jury, to persist in a plea of not

guilty, to the assistance of counsel, and appointed counsel if necessary at trial and at every other stage of the proceeding, to confront and cross-examine adverse witnesses, to testify and present evidence, to compel the attendance of witnesses and the right against compelled self-incrimination;

(3) that Defendant understands the maximum possible penalty for the offense to which Defendant is pleading guilty, including imprisonment, fine and supervised release, and where applicable, any mandatory minimum penalty; that Defendant understands the effect of the supervised release term; that Defendant understands the Court's authority to order restitution and its obligation to impose a special assessment and any applicable forfeiture;

(4) that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and that Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5) that the plea of guilty by Defendant has been knowingly, intelligently, and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(6) that Defendant is competent to plead guilty;

(7) that Defendant understands that statements under oath may later be used in a prosecution for perjury or false statements;

(8) that Defendant understands that by pleading guilty Defendant is waiving the right to a jury trial;

(9) that Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently, and voluntarily waived those rights;

(10) that Defendant is satisfied with the representation provided by defense counsel;

(11) that there is a factual basis for Defendant's plea;

**I RECOMMEND** that the plea of Guilty be accepted.

**O R D E R**

IT IS ORDERED that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED that no more than ten (10) character letters shall be submitted by defense counsel in criminal cases, unless otherwise ordered by the court.

IT IS FURTHER ORDERED that original character letters must be submitted by defense counsel in paper form with the original to the U.S. Probation Office and copies to the sentencing judge and opposing counsel at least five (5) business days prior to the hearing.  Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of the defendant. Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

IT IS FURTHER ORDERED that any motions for upward departure, downward departure and sentencing memoranda must be filed, at least, seven (7) business days prior to the sentencing date.  Responses are due three (3) business days prior to the sentencing date.  Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored.  If either party intends to call a speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 1st day of April, 2021.

_____
Honorable Michelle H. Burns
United States Magistrate Judge